IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Patrick Russell Parsons,<br><br>    Petitioner,<br><br>vs.<br><br>Linda Sanders,<br><br>    Respondent. | No. CV-10-310-TUC-JMR-DTF<br><br>**REPORT & RECOMMENDATION** |

Pending before the Court is a Petition for Writ of Habeas Corpus brought pursuant to Title 28, United States Code, Section 2241.[1] Petitioner, Patrick Russell Parsons, while confined in the Federal Prison Camp in Tucson, AZ,[2] alleged that the Bureau of Prisons (BOP) erroneously applied 18 U.S.C. § 3621(e) and followed improper procedures in the application. Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Ferraro for a Report and Recommendation. Before the Court are the Petition (Doc. 1) and Respondent's Answer (Doc. 10).

---

[1] 28 U.S.C. § 2241 is the federal habeas corpus statute that permits a prisoner to challenge his imprisonment on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. *See generally Peyton v. Rowe*, 391 U.S. 54 (1968).

[2] On July 7, 2010, Petitioner notified the Court that he had been transferred to the federal prison in Lompoc, California. (Doc. 6.) Respondent's counsel notified the Court that the warden at that facility with custody of Petitioner is Linda Sanders; therefore, the Court has substituted her as the Respondent. *See* 28 U.S.C. § 2242 (requiring that an application for habeas corpus name the person with custody over the petitioner).

1  Petitioner is serving an 84-month sentence, for possession with intent to distribute
2  marijuana, 18 U.S.C. § 841(a), (b), and use and carrying of a firearm during a drug trafficking
3  offense, 18 U.S.C. § 924(c). (Doc. 10, Ex. 1, Att. 2.)  He is projected to be released from
4  prison via good time conduct on March 8, 2013. (*Id*.) Petitioner is currently participating in
5  a BOP Residential Drug Abuse Program (RDAP).

## MERITS

### A.   Exhaustion of Administrative Remedies

Respondent contends Petitioner failed to exhaust his administrative remedies prior to filing the pending Petition. In response, Petitioner argues that exhaustion would have been futile. Because exhaustion is not jurisdictional and because, for the reasons stated in Section B below, Petitioner's Petition is without merit, the Court declines to consider Respondent's exhaustion argument.

### B.   Petitioner's Claims

Petitioner alleges BOP incorrectly preluded him from early release eligibility under 18 U.S.C. § 3621(e); BOP provided inadequate notice regarding the change in early release eligibility under 18 U.S.C. § 3621(e); and the designation of early release decisions to a central office constitutes venue shopping and is an abuse of discretion. The Court articulated these three claims in its Order calling for an answer (Doc. 7 at 1-2); Respondent substantively answered only Claim 1.

Claim 1

Petitioner asserts that BOP erroneously concluded he was not eligible for early release under 18 U.S.C. § 3621(e). Pursuant to 18 U.S.C. § 3621(e)(2)(B), a federal prisoner convicted of a nonviolent offense that completes a RDAP may receive a sentence reduction of up to one year. Since May 1995, BOP has been trying to exclude from eligibility for this statutory sentence reduction, by classifying as a violent offense, crimes that involve the carrying, possession or use of a firearm during a drug trafficking offense. *See Arrington v. Daniels*, 516 F.3d 1106, 1110-11, 1116 (9th Cir. 2008). In *Arrington*, the Ninth Circuit held that the 2000 rule promulgated by BOP to achieve that goal violated the Administrative Procedures Act, thus,

1   the court granted those petitioners habeas relief in the form of a sentence reduction. *Id.* at 1114,
2   1116.

3   Prior to March 16, 2009, Program Statement P5330.10[3] provided the policy and
4   procedural guidelines for inmates' early release eligibility after participation in a RDAP. (Doc.
5   10, Ex. 1, Att. 5.) One of the eligibility requirements for RDAP was that the inmate generally
6   had to be within 36 months of his release date. (*Id.* at 5.4.4.) In response to *Arrington*, BOP
7   promulgated a new rule governing early release under 18 U.S.C. § 3621(e), and Petitioner does
8   not contest the rule's validity. BOP issued Program Statement P5331.02 on March 16, 2009,
9   which excludes from early release eligibility inmates with a current conviction for an offense
10  involving the use, possession or carrying of a firearm or other dangerous weapon. (Doc. 10, Ex.
11  1, Att. 4 at 4.)

12  Petitioner alleges that he requested to participate in a RDAP prior to March 16, 2009, at
13  which time he should have been eligible for a sentence reduction for successful completion.
14  Petitioner avers in his affidavit that his case manager informed him that he could not be
15  considered for RDAP until he was within 36 months of his release date. (Doc. 1-1 at 13.)
16  Petitioner acknowledges that BOP consistently enforced this policy of not considering inmates
17  for early release under § 3621(e) unless they were within 36 months of release. However, he
18  contends that notwithstanding that policy he would have been considered for early release prior
19  to the March 16, 2009 new procedures.

20  Petitioner may be correct that pursuant to *Arrington*, prior to March 16, 2009, he would
21  not have been precluded from sentence reduction based on his conviction for use and carry of
22  a firearm during a drug trafficking crime. However, he concedes that BOP policy required that
23  he be within 36 months of release for RDAP consideration. He did not satisfy that criteria until
24  March 2010. Thus, prior to March 2009, Petitioner was ineligible for participation in a RDAP
25  and, therefore, not eligible for the accompanying sentence reduction. Since March 2009, when

---

[3] A Program Statement is an internal, interpretive rule promulgated by the BOP. *See Muniz v. Sabol*, 517 F.3d 29, 39-40 (1st Cir. 2008).

- 3 -

1 the new rules were put into effect, Petitioner has been ineligible for sentence reduction due to
2 his firearm conviction. Thus, Petitioner has not established entitlement to a sentence reduction
3 under 18 U.S.C. § 3621(e).

Claim 2

Petitioner alleges BOP provided inadequate notice of the March 16, 2009 eligibility changes for sentence reduction under 18 U.S.C. § 3621(e), which violated his right to due process. He contends that if the notice had clearly informed him that, after March 16, 2009, he would no longer be eligible for sentence reduction, he would have requested to participate in a RDAP prior to the rule change.

As set forth above in Claim 1, Petitioner was not eligible for participation in a RDAP prior to March 16, 2009, because he was not within 36 months of release. Thus, even if Petitioner had been provided additional notice of the impending changes to the eligibility requirements for sentence reduction and had made a request for RDAP participation prior to the change, he was not eligible for the program at that time. Regardless of any alleged notice violation, Petitioner was not harmed and is not entitled to relief.

Claim 3

Petitioner alleges that BOP's policy – that eligibility for § 3621(e) sentence reduction is determined by the national Designation and Sentence Computation Center (DSCC) – constitutes impermissible venue shopping. There appear to be two possible factual allegations in Claim 3. First, Petitioner alleges that this consolidation of decision-making precludes administrative relief at the local level. Alleged errors in BOP's administrative review process are not cognizable in a federal habeas corpus proceeding because they do not attack the lawfulness of Petitioner's detention. *See Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989) (per curiam) (finding allegations of error in state post-conviction review process non-cognizable); *Gerlaugh v. Stewart*, 129 F.3d 1027, 1045 (9th Cir. 1997). Second, Petitioner alleges that venue is proper in this Court, with review to the Ninth Circuit, not the Fifth Circuit where the DSCC is located. Regardless of where the BOP decision regarding Petitioner's ineligibility for § 3621(e) sentence reduction was made, neither Respondent nor this Court

contends that venue is not proper in this district. Additionally, appeal from this Court's decision is to the Ninth Circuit. Thus, this claim is without a factual basis and has no merit.

### **RECOMMENDATION**

Based on the foregoing, the Magistrate Judge recommends that the District Court DISMISS the Petition for Writ of Habeas Corpus.

Pursuant to Federal Rule of Civil Procedure 72(b)(2), any party may serve and file written objections within fourteen days of being served with a copy of the Report and Recommendation. If objections are not timely filed, they may be deemed waived. If objections are filed, the parties should use the following case number: **CV 10-310-TUC-JMR.**

DATED this 20th day of December, 2010.

D. Thomas Ferraro
United States Magistrate Judge